United States District Court
Southern District of Texas
**ENTERED**
February 16, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RUBEN N. SAENZ, *Individually and as Representative of the Estate of Decideria Saenz, Deceased*,<br><br>*Plaintiff*,<br><br>v.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY,<br><br>*Defendant*. | CIVIL ACTION H-16-2568 |

**MEMORANDUM OPINION & ORDER**

Pending before the court is defendant Transamerica Life Insurance Company's ("Transamerica") motion to dismiss a suit filed by plaintiff Ruben N. Saenz. Dkt. 8. Having considered the motion, related filings, and the applicable law, the court is of the opinion that Transamerica's motion to dismiss (Dkt. 8) should be DENIED.

**I. BACKGROUND**

Transamerica files its motion to dismiss to contest whether Saenz has standing to bring suit against Transamerica for an alleged wrongful denial of an insurance claim. Dkt. 8. On May 22, 2015, Saenz and his wife, Decideria Saenz, purchased a credit life insurance policy with Transamerica, and disclosed Decideria's current medical conditions, including cirrhosis, a liver disease. Dkt. 1, Ex. 3 at 3. The policy does not cover any death or disability due to health conditions that were disclosed or should have been disclosed at the time of purchase. *Id.* at 3–4. The sole beneficiary of the policy was Gulf Coast Educators Federal Credit Union (the "Credit Union"), which financed the Saenzs' 2014 Ford F150 vehicle. *Id.* Both of the Saenzs are listed as borrowers on the Credit Union loan. Dkt. 9 at 2.

On January 27, 2016, Decideria Saenz passed away while visiting El Paso, Texas. Dkt. 1, Ex. 3 at 4. Saenz contends that the medical examiner determined the leading cause of death was cardiac arrest and that a non-leading cause of death was cirrhosis. *Id.* at 5. Saenz argues that Transamerica wrongfully denied paying his wife's claim because Transamerica erroneously relied on a non-leading cause of death as the basis for denying the claim. *Id.* Saenz alleges that the insurance benefits were supposed to pay off his car loan after his wife's death, but instead, after the claim was denied, he alone makes payments on the car loan. Dkt. 9 at 5. On July 18, 2016, Saenz filed his complaint in the 3rd Judicial District Court of Galveston County, Texas, which he later amended on August 19, 2016. Dkt. 1, Exs. 1, 3. Saenz asserts several causes of action against Transamerica, including multiple violations of the Texas Insurance Code due to unfair settlement practices, noncompliance with the prompt payment of claims, breach of duty of good faith and fair dealing, promissory estoppel, common law fraud, breach of contract, and violations of the Texas Deceptive Trade Practices Act for misrepresentation. Dkt. 1, Ex. 3 at 5–11 (Pl.'s Am. Compl.).

Upon removal to federal court based on diversity jurisdiction, Transamerica filed this motion to dismiss under Federal Civil Procedure Rule 12(b)(1), arguing that the court does not have subject matter jurisdiction because Saenz has no standing to bring suit as an individual or as a representative of his wife's estate. Dkt. 8. Saenz filed a response (Dkt. 9) and Transamerica filed a reply (Dkt. 11).

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges a federal court's subject matter jurisdiction. Federal courts have limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to

adjudicate the claim. *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Pursuant to Rule 12(b)(1), the district court has the power to dismiss on any one of three separate bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996) (citing *Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989).

Courts in the Fifth Circuit recognize a distinction between a "facial attack" and a "factual attack" on a plaintiff's claim of subject matter jurisdiction. *See Williams v. J.B. Hunt Transp., Inc.*, 132 F. Supp. 3d 858, 861 (S.D. Tex. 2015) (Harmon, J.), *aff'd,* 826 F.3d 806 (5th Cir. 2016); *Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998). "A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction" by examining the allegations in the complaint, which are presumed to be true. *See Rodriguez*, 992 F. Supp. at 878 (citation omitted). A facial attack usually occurs early in the proceedings and directs the court's attention only to "the sufficiency of the allegations in the complaint . . . ." *Patterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998). If sufficient, those allegations alone provide jurisdiction.

However, if the defendant supports the motion with evidence, then the attack is factual, and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). In a factual attack, matters outside the pleadings, such as testimony and affidavits, may be considered. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Moreover, a factual attack may occur at any stage of the proceedings. *Id.*

3

Because Transamerica's motion contains disputed factual evidence, the court treats the motion as a factual attack. As a factual attack, "there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of power to hear the case." *Garcia v. Copenhaver, Bell & Assoc.*, 104 F.3d 1256, 1261 (11th Cir.1997) (citing *Lawrence v. Dunbar*, 919 F.3d 1525, 1529 (11th Cir. 1990)). Regardless of the nature of the attack, "[t]he plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Rodriguez*, 992 F. Supp. at 879.

### III. ANALYSIS

Before the court can rule on the merits of the case, it must first determine whether the plaintiff has standing. Standing is "demonstrated by a plaintiff who has a personal interest in the outcome of the controversy, not merely an interest as a citizen . . . ." *Finch v. Miss. State Med. Ass'n, Inc.*, 585 F.2d 765, 771 (5th Cir. 1978), *modified*, 594 F.2d 163 (5th Cir. 1979) (emphasis added) (citing *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 220, 94 S. Ct. 2925, 2932 (1974)). For a litigant to have standing to sue in federal court, he or she must "demonstrate that the actions complained of cause him injury in fact different from that suffered by citizens at large." *Finch*, 585 F.2d at 771.

Transamerica argues that Saenz is not the "real party in interest" and makes a factual attack on the pleadings to show that the plaintiff fails to sustain his burden of proof to establish subject matter jurisdiction. Dkt. 8 at 3 (citing *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989), *aff'd sub nom. Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990)). A facial attack is based solely on the names listed in the pleadings, whereas a factual attack is based on affidavits, testimony, and other evidentiary material. *Irwin*, 874 F.2d at 1096; *Wells Fargo Bank, N.A. v. Transcon. Realty Invs., Inc.*, No. 3:14-CV-3565-BN, 2016 WL 3570648 (N.D. Tex. July 1, 2016).

Though the caption on the suit shows that Saenz is suing individually and as representative of Decideria Saenz's estate, Saenz must show that the complaint and any exhibits prove that he has standing. *See id.* Transamerica claims that the real parties in interest—the only parties who have standing to bring suit—are the designated beneficiary of a life insurance policy, or an executor or administrator who can bring an action on behalf of the decedent's estate. *Id.* at 4–5 (citing Tex. Ins. Code §1103.102–103). As of this motion's filing, Transamerica contends that no estate or probate proceeding under Decideria Saenz's name exists and that counsel for Saenz has confirmed that no estate has been opened. *Id.* at 5; Dkt. 8, Ex. 2 (Bernhardt Dec.). Because the Credit Union is the sole beneficiary and Decideria Saenz's estate has not been established, Transamerica argues that Saenz does not have standing to sue as an individual or on behalf of a nonexistent estate. *Id.*

In response, Saenz argues he has standing under two theories. Dkt. 9. First, Saenz concedes that while he is not a designated beneficiary, he is entitled to receive insurance proceeds that are in excess of the amount required to satisfy the Credit Union loan. *Id.* at 5. A provision in the insurance policy allows Saenz, the surviving debtor, to receive any benefits that exceed the amount necessary to discharge the loan. *Id.* at 5, 22. Saenz contends that this provision, combined with the Consumer Bill of Rights issued by the Texas Department of Insurance, allows an insured to sue his insurance company. *Id.* Because of this expected payment of excess benefits, Saenz contends that he has standing to sue. *Id.* Transamerica argues that should any benefits be paid, the insurance provision merely instructs to whom the creditor should give excess funds to and does not engender a legally protected interest for the surviving debtor to bring suit. Dkt. 11 at 4.

The court agrees with Transamerica that a surviving debtor's expectation of receiving an unknown amount of excess funds is not in and of itself equivalent to being named a beneficiary with all of the rights imbued to beneficiaries. Under Texas law, a life insurance policy is paid to the

5

designated beneficiary. Tex. Ins. Code § 1103.102 (West). Here, the Credit Union is the designated beneficiary and thus the real party in interest that could bring a claim against Transamerica. Saenz would have the court make an additional inference that had the policy been paid in full, the amount would have exceeded the amount due on the loan and any excess benefits returned to the surviving debtor. This expectation, however, is still speculative because the claim was originally denied. Further, the court agrees with Transamerica that the provision in the insurance policy merely designates who may receive the excess benefits, and does not necessarily lead to a private right of action. Therefore, Saenz lacks standing under this first theory because he is not a named beneficiary.

However, the court finds that Saenz has standing under his second theory, which turns on a surviving spouse's ability to collect claims due to the community estate. Dkt. 9 at 5. "If there is no qualified executor or administrator of a deceased spouse's estate, the surviving spouse, as the surviving partner of the marital partnership, may . . . sue and be sued to recover community property." Tex. Est. Code § 453.003(a)(1) (West 2014)). It is well-settled that a surviving spouse has the power to sue to collect claims due to the community estate. *Id.*; *see, e.g.*, *Coleman v. Winn-Coleman, Inc.*, 110 S.W.3d 104, 110 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (holding surviving spouse had power to sue for the recovery of community property (i.e. husband's promissory note which passed to his wife)); *Nelson v. Dall. Indep. Sch. Dist.*, 774 S.W.2d 380, 382–83 (Tex. App.—Dallas 1989, writ denied) (husband was entitled to collect wife's unpaid teacher's salary on behalf of estate where no one had qualified as administrator of wife's estate).

Under Texas law, life insurance proceeds are community property if the premiums on the policy were paid for with community property.[1] *Genworth Life Ins. Co. v. Armendariz*, No. SA-12-CV-00328-DAE, 2013 WL 2453269, at *4 (W.D. Tex. June 5, 2013) ("[A]s long as the policy . . . was purchased during [surviving spouse's] marriage to [decedent] and paid for with community funds, its proceeds constitute community property."); *see Estate of Cavenaugh v. Comm'r of Internal Revenue*, 51 F.3d 597, 602 (5th Cir. 1995) ("[I]f life insurance is purchased during a marriage and paid for with community funds, the 'policy rights' or incidents of ownership and the 'proceeds rights' or the rights to receive the proceeds in the future constitute community property." (quoting *Freedman v. United States*, 382 F.2d 742, 745 (5th Cir. 1967))).

Even though the insured has designated a beneficiary, the surviving spouse is entitled to half the insurance proceeds if the policy was paid for with community property. *Amason v. Franklin Life Ins. Co.*, 428 F.2d 1144, 1146–48 (5th Cir. 1970) (holding that if an insurance policy is community property at the time of the insured spouse's death, "each spouse owned an undivided one-half interest in the policy" and the surviving spouse is entitled to half the proceeds as his share of the community estate); *Armendariz*, 2013 WL 2453269, at *4–5; *see also Prudential*, *Ins. Co. of Am. v. Burke,* 614 S.W.2d 847, 849 (Tex. App.—Texarkana 1981, writ ref'd n.r.e.) ("[A] gift [to the beneficiary] of the *insured's portion* of such proceeds is presumed to have been intended and completed by the insured's death." (emphasis added)).

---

[1] Transamerica cites to *Martin v. McAllister*, 63 S.W. 624, 625 (Tex. 1901), for the proposition that all insurance proceeds are separate property. Dkt. 11 at 4. This is no longer the state of the law. *See Amason v. Franklin Life Ins. Co.*, 428 F.2d 1144, 1146–48 (5th Cir. 1970). Texas follows the inception of title doctrine to determine what is community and separate property. Tex. Fam. Code §§ 3.002, 3.003, 3.006; *Barnett v. Barnett*, 67 S.W.3d 107, 111 (Tex. 2001) (citing *McCurdy v. McCurdy*, 372 S.W.2d 381, 384 (Tex. App.—Waco 1963, writ ref'd).

In *Armendariz*, the decedent designated her brother as the beneficiary of her life insurance policy—and not her husband. 2013 WL 2453269 at *1. Because Texas is a community property state, the insurance company paid the beneficiary fifty percent of the policy proceeds and reserved the other half until the claim between the husband and beneficiary for the other fifty percent of the proceeds could be resolved. *Id.* The court held that at the time of his wife's death, the policy which was paid for using community property funds, constituted community property.[2] *Id.* at *4. Therefore, the surviving spouse was entitled to half of the insurance proceeds, even though he was not designated a beneficiary. *Id.*

Here, it is undisputed that the life insurance policy was purchased while Ruben and Decideria Saenz were married, using community property funds. As the insured, Decideria held an undivided one-half interest in the policy and her husband holds the other one-half interest. *See Amason*, 428 F.2d at 1146–48. Upon her death, Saenz, as the surviving spouse, held a one-half interest in the policy, and he would be entitled to half of the proceeds paid on the policy. *Id.*; *Armendariz*, 2013 WL 2453269 at *3–*4.

In conclusion, the court agrees with Saenz that he has standing to bring suit against Transamerica. As the surviving spouse, Saenz has standing because he is entitled to half of the life insurance policy proceeds. Accordingly, Transamerica's motion to dismiss is DENIED.

---

[2] Property possessed by either spouse during a marriage is presumed to be community property, and a party seeking to prove that it is separate property must do so by clear and convincing evidence. Tex. Fam. Code § 3.003; *Barnett*, 67 S.W.3d at 111 (holding term insurance policy presumed to be community property because it was issued during the marriage); *McCurdy v. McCurdy*, 372 S.W.2d 381, 384 (Tex. App.—Waco 1963, writ ref'd) (holding inception of title doctrine governs separate and community property). Here, Transamerica does not contest that the premiums paid on the insurance policy came from community property. Dkts. 8, 11.

## IV. CONCLUSION

Because Saenz has standing to bring suit, Transamerica's motion to dismiss based on lack of subject matter jurisdiction is DENIED.

Signed at Houston, Texas on February 16, 2017.

_____
Gray H. Miller
United States District Judge